**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Luay EL–ABED, Defendant–Appellant.**

**No. 03–3723.**

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 2, 2004.*

Decided Nov. 8, 2004.

Kevin Powers, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Rebecca M. Shapiro, Azulay, Horn, Kalaf & Yoo, Chicago, IL, for Defendant–Appellant.

Before BAUER, POSNER, and EASTERBROOK, Circuit Judges.

**ORDER**

Luay El–Abed pleaded guilty to one count of conspiracy to possess and distribute more than 500 grams of cocaine, 21 U.S.C. §§ 846, 841(a)(1). He was sen-

---

* Counsel for appellant El–Abed moved to waive argument; we invited El–Abed several times to state his position, but he has not responded. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(f).

tenced to the mandatory minimum of 60 months, 21 U.S.C. § 841(b)(1)(B). He appeals his sentence, arguing that the district court miscalculated his criminal history score and thus concluded incorrectly that he was ineligible for a "safety valve" sentence below the mandatory minimum. We affirm.

In February 2003, El–Abed conspired with three other co-defendants and others unnamed to arrange the sale of two kilograms of cocaine to a confidential source working with the Drug Enforcement Administration. After he was arrested and charged, El–Abed timely notified the government of his intent to plead guilty to one count of conspiracy, in exchange for which prosecutors dropped a second possession charge and recommended a reduction in the offense level for acceptance of responsibility, U.S.S.G. § 3E1.1. This was not El–Abed's first criminal violation; a little more than a month before his arrest in this case, he pleaded guilty to an Illinois misdemeanor charge of failing to keep a record of a firearm sale. The state court sentenced him to eighteen months of court supervision, and in the plea agreement El–Abed acknowledged that he should receive one criminal history point for this conviction, *id.* § 4A1.1(c), and two more points because he was on supervision for the state conviction when he engaged in the federal conspiracy, *id.* § 4A1.1(d).

At sentencing, however, El–Abed argued—without any objection from the government concerning his plea agreement—that the state charge did not result in a "conviction" or "sentence" at all under the guidelines because of its minor character, *see id.* § 4A1.2(c)(1). Thus, he contended, he really had no criminal history points and was eligible for a reduction in offense level and a sentence below the mandatory minimum after the application of the "safety valve," *see* 18 U.S.C. § 3553(f); U.S.S.G.

§§ 5C1.2, 2D1.1(b)(6). By El–Abed's calculation, his guideline range should have been 37 to 46 months based on a total offense level of 21 and a criminal history category of I. The district court rejected El–Abed's analysis, assigned him three criminal history points, and imposed the mandatory minimum sentence.

El–Abed contends that he is entitled to apply 18 U.S.C. § 3553(f), which provides for application of the sentencing guidelines rather than the statutory mandatory minimum sentence, so long as the defendant has no more than one criminal history point. The district court held that El–Abed's prior conviction should be considered under these provisions. Guideline § 4A1.1(c) indicates that one criminal history point accrues for every prior criminal sentence, and § 4A1.1(d) adds two more points if the instant offense was committed while the defendant was "under any criminal justice sentence, including probation." Accordingly, the district court assigned El–Abed three criminal history points, making him ineligible for the safety valve provision of § 3553.

On appeal, El–Abed renews his contention that the Illinois conviction should not have resulted in criminal history points. El–Abed concedes that the guidelines generally score misdemeanor offenses, but points to a provision in the guidelines that he argues exempts his prior offense. *See* U.S.S.G. § 4A1.2(c)(1). The guidelines specifically exclude a number of offenses, including the communication of false information to a police officer, which El–Abed insists is similar to the recordkeeping offense for which he was convicted. The analogy is tenuous, but El–Abed's greater problem is that even offenses potentially excluded under § 4A1.2(c)(1) are always counted toward the defendant's criminal history if the sentence imposed "was a term of probation of at least one year."

*Id.* El–Abed was sentenced to "supervision," which we have held is equivalent to probation for the purposes of this section. *See, e.g., United States v. Binford,* 108 F.3d 723, 727–28 (7th Cir.1997). Because the term of supervision was "at least one year," *see* U.S.S.G. § 4A1.2(c), El–Abed's misdemeanor conviction counted in determining his criminal history score even if the nature of the offense might have warranted its exclusion under different circumstances. Moreover, we have also held that a sentence of supervision is "a criminal justice sentence" for the purposes of § 4A1.1(d). *See United States v. Burke,* 148 F.3d 832, 839–40 (7th Cir.1998). The district court therefore correctly calculated El–Abed's criminal history score to be three points, and thus El–Abed was accordingly ineligible for a safety-valve sentence. *See* 18 U.S.C. § 3553(f)(1) (excluding from eligibility any defendant with more than one criminal history point).

AFFIRMED.